UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER C. OWENS,

    Petitioner,

v.                                                          Case No. 8:17-cv-2342-T-35SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS, *et al.*,

    Respondents.
_____/

## O R D E R

This cause is before the Court on Petitioner Walter C. Owens's *pro se* amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 12) Upon consideration of the petition, the response (Doc. 15) opposing the petition as time-barred, and Owens's reply (Doc. 22), and in accordance with the Rules Governing 2254 Cases in the United States District Courts, it is **ORDERED** that the petition is **DISMISSED AS TIME-BARRED**:

## PROCEDURAL HISTORY

A jury found Owens guilty of second-degree murder, and the state court sentenced him to life in prison. (Doc. 14 Ex. 1 at 77, 81) The state appellate court affirmed his conviction and sentence. (Doc. 14 Ex. 4) The state court denied Owens post-conviction relief. Owens then filed a petition for writ of habeas corpus in this case.  (Doc. 1)

Respondent moved to strike the petition for failing to allege whether the grounds in the petition had been exhausted. (Doc. 5) The Court granted the motion and ordered

Owens to file an amended petition. (Doc 10) Owens filed an amended petition and Respondent filed a response asserting that the petition is time-barred. (Docs. 12, 15).

## ANALYSIS

### I.    Statute of Limitations

Because Owens filed his petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA applies. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition is subject to a one-year statute of limitations under AEDPA. 28 U.S.C. § 2244(d). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

On November 1, 2013, the state appellate court affirmed Owens's conviction and sentence without a written opinion. (Doc 14 Ex. 4) The state supreme court did not have jurisdiction to review the unelaborated decision. *Jenkins v. State*, 385 So. 2d 1356, 1360 (Fla. 1980) (citing Fla. Const. art. V, § 3(b)(3)). This was a clear constitutional bar to higher state court review. *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006). Owens could only have sought further review in the U.S. Supreme Court, but he did not do so. The time to seek that review expired 90 days later — or January 31, 2014. Sup. Ct. R. 13.1; Sup. Ct. R. 30.1. The next day, the limitations period started to run. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a)(1)(A).

2

The limitations period continued to run until Owens filed a motion for post-conviction relief on November 20, 2014.[1] (Doc. 14 Ex. 6 at 1-49) At that point, 292 days had run on the federal limitations period. Even though the post-conviction court struck the motion because it had an improper oath (*Id.* at 81-82), Owens filed an amended motion with a proper oath before the limitations period expired. (*Id.* at 87-135). The amended motion was properly filed under state law and related back to the filing date of the initial motion for federal limitations purposes. *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1328 (11th Cir. 2020). The limitations period continued to toll until March 23, 2016 when mandate issued on appeal of the order denying the post-conviction motion. (Doc. 14 Ex. 10); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

Owens next filed a petition for ineffective assistance of appellate counsel on April 19, 2016. (Doc. 14 Ex. 11) The state appellate court dismissed the petition as untimely. (Doc. 14 Ex. 13) ("The mandate in 2D12-3639 having issued December 4, 2013, this petition alleging ineffective assistance of appellate counsel is dismissed as untimely." (citation omitted)). Because this Court defers to the state court's ruling on timeliness and the untimely state post-conviction petition was not "properly filed," the petition did not toll the federal limitations period. 28 U.S.C. § 2244(d)(2); *Jones v. Sec'y, Fla. Dep't Corrs.*, 906 F.3d 1339, 1350 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

The limitations period continued to run for another 73 days. The last day to file the federal petition was on June 6, 2016.[2] Owens filed his federal habeas petition over a year

---

[1] The prison mailbox rule applies to *pro se* filings by inmates in Florida courts. *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000).

[2] The seventy-third day was Sunday, June 5, 2016, and so the limitations period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

later on October 2, 2017. (Doc. 1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (prison mailbox rule). Even though the Court dismissed the initial petition, all claims in the amended petition were raised in the initial petition and related back for limitations purposes. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Barring any other intervening, tolling pleadings, the federal petition is time-barred.

Owens did file a second motion for post-conviction relief in state court on July 13, 2016. (Doc. 14 Ex. 16 at 3) The second motion did not toll the limitations period because the motion was filed after the limitations period expired. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).[3]

Owens does not assert that he is entitled to equitable tolling or that actual innocence excuses the time bar. (Doc. 12 at 32-33); (Doc. 22) The burden is on him to do so. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). In his reply, Owens instead argues that the state court incorrectly dismissed the ineffective assistance of appellate counsel petition and the second post-conviction motion as untimely. (Doc. 22 at 2-5) Owens contends that the state petition was timely because appellate counsel affirmatively misled him about the results of the appeal and the second motion was timely as well because his conviction was based on fraud. (Doc. 22 at 3-5) Owens raised these same arguments about exceptions to the time limitations in state court and the state court rejected them. (Doc. 14 Ex. 12 at 1-2, Ex. 13, Ex. 16 at 44-48, Ex. 17 at 4-5, Ex. 18) Whether an exception to state post-conviction time limitations applies is an issue of state law and this Court is bound by the state court's

---

[3] Because the post-conviction court dismissed the second motion as untimely, it did not toll the limitations period for that reason as well. (Doc. 22-2 at 24); *Jones*, 906 F.3d at 1350.

determination. *Jones*, 906 F.3d at 1350 (citing *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003)).

Even if this Court could review those rulings, the state court properly dismissed both the state petition and the second motion as untimely under state law. To excuse the two-year time limit for petitions for ineffective assistance of appellate counsel, a defendant must allege that he was "affirmatively misled about the results of the appeal by counsel." Fla. R. App. P. 9.141(b)(5). In his amended state petition, Owens contended that the petition was timely because "Attorney Dean[n]a Marshall informed [his] sister that the conviction **would be overturned**," (Doc. 14 Ex. 12 at 2) (emphasis added) — not that the conviction **had been** overturned. During the two years he was afforded to file the state petition, Owens also filed a motion for post-conviction relief and acknowledged that his judgment and sentence had been affirmed. (Doc. 14 Ex. 6 at 1) ("The Second District Court of Appeal per curiam affirmed the conviction and sentence on November 1, 2013.")

For the second post-conviction motion, Owens contended that the motion was timely because his claim was based on fraud on the court. (Doc. 14 Ex. 16 at 44-46)  As explained earlier, the second motion was filed a month *after* the federal limitations period expired. (Doc. 14 Ex. 16 at 3)  Even if the second motion were timely under state law, the motion would not have tolled the federal limitations period. *Sibley*, 377 F.3d at 1204.

The state court concluded that "while [Owens] attempts to conceal the issue and avoid the two-year time limitation by articulating it as 'fraud upon the Court,' this same issue was addressed by the Court in its prior order." (Doc. 22-2 at 25)  In the prior order, the state court ruled (Doc. 14 Ex. 16 at 38-39) (state court record citations omitted):

> . . . [T]he prosecutor did not knowingly present false testimony. During direct examination, Kevin Valentine gave testimony that was contrary to his prior

statements to the State. The prosecutor attempted to reform the witness and a sidebar conference was held between counsel and the Court on the inconsistency of the testimony. The prosecutor attempted to rehabilitate [the] witness by asking him questions about his prior statements made two days before trial. Therefore, the prosecutor was not knowingly presenting false testimony.

The prior ruling applies to Owens's claim of fraud in his second post-conviction motion.

In his second motion, Owens asserted that the prosecutor used a fraudulent hearsay statement by a detective to impeach Valentine. (Doc. 22-2 at 9) At trial, Valentine testified that Owens was not at the scene of the shooting. (*Id.*) The detective testified that he interviewed Valentine after the shooting and Valentine said that Owens was at the scene. (Doc. 22-2 at 9) In a post-trial affidavit, Valentine swore that the detective threatened and forced him to make the prior statement. (*Id.*) The detective was convicted of corruption crimes in federal court for matters unrelated to Owens's case. (Doc. 22-2 at 8) Owens contended that the admission of Valentine's prior statement was "fraud perpetrated on the court." (*Id.* at 11-12)

Under state law, a court has the inherent authority to vacate, modify, or reopen an order or judgment that is "the product of fraud, collusion, deceit, mistake, etc." at any time. *State v. Burton*, 314 So. 2d 136, 138 (Fla. 1975). "[O]nly extrinsic fraud may constitute fraud on the court." *Thompson v. Crawford*, 479 So. 2d 169, 183 (Fla. 3d DCA 1985) (citation and quotations omitted). "Extrinsic fraud involves conduct which is collateral to the issues tried in a case and occurs when an unsuccessful party has somehow been prevented from participating in a cause." *Id.* (citation and quotations omitted). In contrast, intrinsic fraud "involves matters that were or could have been tried." *Driscoll v. State*, 538 So. 2d 1283, 1285-86 (Fla. 1st DCA 1989).

6

At trial, three witnesses identified Owens as the shooter. (Doc. 14 Exhibit 1 Transcript at 295-300, 335-38, 405-08) The prosecution called Valentine who unexpectedly, from the prosecutor's perspective, testified that Owens was not at the scene of the murder. (Doc. 14 Ex. 1 Transcript at 418, 420) The defense called the detective who testified that, during his interview with Valentine after the murder, Valentine said Owens was at the scene. (Doc. 14 Ex. 1 Transcript at 553-54, 557) The detective also testified that Valentine did **not** identify Owens as the shooter. (*Id.* at 554)

Valentine's prior inconsistent statement was used to impeach his Valentine's recantation. Fla. Stat. §§ 90.608(1) and 90.801(2)(c); *Eans v. State*, 366 So. 2d 540, 542 (Fla. 3d DCA 1979) ("It is therefore clear that evidence of his prior out-of-court identification of the defendant was also properly admitted, as a prior inconsistent statement, to impeach the recantation."). The jury as the trier of fact could have concluded that either statement was true or false, and, consequently, the prior statement was not fraud on the court. *Bertrand v. Belhomme*, 892 So. 2d 1150, 1153 (Fla. 3d DCA 2005).

The defense was not prevented from litigating the coercive nature of the prior statement. The defense knew about the detective's corruption crimes before trial because the prosecutor moved to exclude reference to the details of those crimes. (Doc. 14 Ex. 1 at 35-36)[4] The defense knew about Valentine's prior statement to the detective because that statement was in the arrest affidavit. (Doc. 14 Ex. 1 at 4) The defense heard Valentine's recantation at trial and had an opportunity to ask Valentine about threats and coercion by the detective. (Doc. 14 Ex. 1 Transcript at 418, 420-24) If the defense had

---

[4] The trial court granted the motion, finding that the conduct in the detective's criminal case was not related to Owens's case. (Doc. 14 Ex. 1 Transcript at 223-25) The detective testified that his conviction was not relevant to his investigation of Owens's case. (*Id.* at 559)

7

done so, the defense might have called into doubt Valentine's entire prior statement. Because the prior statement did not prevent the defense from "participating in the cause," the admission of the prior statement was not fraud on the court. *Driscoll*, 538 So. 2d at 1286.   All other arguments not specifically addressed have been considered and **DENIED**.

Accordingly, it is **ORDERED** that Owens's amended petition (Doc. 12) is **DISMISSED AS TIME-BARRED**.  The **CLERK** is directed to enter a judgment against Owens and to **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Owens is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) limits the issuing of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Owens must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is time-barred and he fails to show that reasonable jurists would debate timeliness, Owens is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Owens must obtain permission from the circuit court to appeal *in forma pauperis.*

**DONE AND ORDERED** in Tampa, Florida on October 28, 2020.

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

9